UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| RAPHAEL M. ATAK, | ) | *Electronically Filed* |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: __3:19-CV-610-DJH__ |
| | ) | |
| DAWN FOOD PRODUCTS, INC., | ) | |
| | ) | |
| | ) | Removed from the Jefferson Circuit Court |
| Defendant. | ) | Civil Action No.: 19-CI-000865 |

## NOTICE OF REMOVAL

Defendant Dawn Food Products, Inc. ("Defendant" or "Dawn"), by counsel, pursuant to

28 U.S.C. §§ 1332, 1441 and 1446, hereby serves notice of Defendant's removal of this action

from the Jefferson County Circuit Court to the United States District Court for the Western

District of Kentucky (Louisville Division). This Court has original jurisdiction over this case

pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and

the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of this

Notice, Defendant shows the Court as follows:

### Procedural History

1. Plaintiff filed this action on February 8, 2019, in the Jefferson County Circuit

Court, where it was assigned Case No. 19-CI-000865. Dawn received service of the Complaint

and Summons through its agent via certified mail on February 14, 2019.

2. Defendant timely removed this action to the U.S. District Court for the Western

District of Kentucky on March 15, 2019 on the grounds of diversity jurisdiction. [*See Atak v.

Dawn Food Products, Inc.*, Case No. 3:19-cv-00191-CHB (W.D. Ky., Mar. 15, 2019)

(hereinafter, "*Atak*")].

3.      Plaintiff moved to remand the action to Kentucky state court on March 22, 2019 on the grounds that the amount in controversy was less than $75,000 dollars.  [*Atak* at Doc. 5]. In support, Plaintiff offered for the first time a stipulation signed by Plaintiff's counsel asserting that Plaintiff will neither seek nor accept any amount greater than $75,000 dollars.  [*Atak* at Doc. 5-1].

4.      On June 19, 2019, the Court granted Plaintiff's Motion to Remand.  [*Atak* at Doc. 6].

5.      Following the remand of this action to the Jefferson County Circuit Court, Plaintiff served his responses to Defendant's discovery requests on August 9, 2019.  [Exhibit C, Plaintiff's Answers to Defendant's First Discovery Requests to Plaintiff].   In his responses, Plaintiff changed his assertions regarding the amount of damages he seeks in this action.

6.      Defendant has removed this action within 30 days of learning of Plaintiff's altered damages calculations in his recently served discovery responses.   Defendant received those discovery responses on August 9, 2019.  Thus, pursuant to 28 U.S.C. § 1446(b)(3), Defendant timely files this notice of removal within 30 days of such receipt.

## Discussion

7.      Plaintiff Raphael Atak is an individual citizen and resident of Kentucky living in Kentucky who worked at Dawn in 2018.  [Complaint, ¶ 1, 4; Exhibit B, Declaration of Teri Wolvin, ¶4, 6].

8.      Plaintiff was employed at Dawn's production facility located in Louisville, Kentucky.  Plaintiff's 2018 federal and state income withholding forms provided to Dawn list a Louisville, Kentucky home address, and Plaintiff's state income taxes were paid in Kentucky. [Exhibit B, Declaration of Teri Wolvin, ¶4, 6].

9.      Dawn is a Michigan corporation with its principal place of business in Jackson, Michigan at 3333 Sargent Road, Jackson, MI 49201.  [Exhibit B, Declaration of Teri Wolvin, ¶2].  Thus, Dawn is a citizen of the State of Michigan.  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1183–84 (2010) (corporation is considered to be a citizen of the state in which it is incorporated and of the state in which it has its principal place of business, or nerve center).

10.     Defendant is not, nor has it ever been, a "citizen" of the Commonwealth of Kentucky as that term is used in 28 U.S.C. § 1332(c).

11.     Accordingly, the diversity requirement for removal is satisfied.

12.     Plaintiff's Complaint asserts claims under the Kentucky Civil Rights Act, including that Dawn discriminated against him and subjected him to a hostile work environment based on his race and retaliated against him after purportedly engaging in protected activity related to his race.  [Complaint, ¶¶ 5-11].

13.     In his Complaint, Plaintiff seeks various forms of monetary relief, including: "compensatory damages including but not limited to past and future lost wages and past and future lost benefits"; "compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment"; an invalid claim for "punitive damages to punish and deter similar future unlawful conduct"; "attorneys' fees, costs and expenses"; "statutory interest on all damage awards, verdicts or judgments"; and "such further relief as this Court may deem just and proper."  [Complaint, "PRAYER FOR RELIEF" clause].

14.     Plaintiff placed no limitation on the monetary amount sought in his Complaint. [Complaint, ¶ 3].  However, in response to Defendant's first attempt to remove this action, Plaintiff attempted to limit his damages with a stipulation signed by his counsel stating that Plaintiff's claims are less than $75,000 and that Plaintiff will not seek or accept any amount

greater than $75,000. [*Atak* at Doc. 5-1]. Plaintiff's post-removal stipulation was the first time Plaintiff provided specific information about the amount in controversy.

15.   On August 9, 2019, Plaintiff served responses to Defendant's Discovery Requests, including verified answers to interrogatories. [*See* Exhibit C]. Defendant included in its Discovery Requests an interrogatory asking Plaintiff to "detail each and every item of damage, and the amount thereof, that Plaintiff contends he suffered as a result of any actions allegedly taken against him by Defendant." [*Id*. at 9]. The interrogatory further instructed Plaintiff to state "the amount of damages claimed with respect to each specified type of damage, and describe separately the method of computation for each type of damage." [*Id.*].

16.   Plaintiff's Answer to the above described interrogatory states the following: "Back Pay: $100,000.00/ Front Pay: $85,000.00/ Emotional Distress: $150,000." [*Id.* at 9-10]. Plaintiff's Answer further states that Plaintiff is also seeking attorney's fees in an amount to be determined at the conclusion of the litigation.   [*Id.* at 10]. Thus, Plaintiff's damages estimate provides that Plaintiff's total damages amount to $335,000, plus an unspecified amount of attorney's fees.

17.   As this Court has explained, "[a] case becomes removable if the plaintiff performs a voluntary act which effects a change rendering a case subject to removal by the defendant which had not been removable before the change.  For example, a plaintiff's response to interrogatories that changes the damages claim from an amount less than the jurisdictional threshold to an amount exceeding the amount-in-controversy requirement, makes the case removable." *McCraw v. Lyons*, 863 F. Supp. 430, 433 n.5 (W.D. Ky. 1994) (internal citations omitted).

18.     Plaintiff filed his Complaint without placing a limitation on the amount of his damages.  Plaintiff then stipulated that he would not seek more than $75,000 in damages. However, Plaintiff subsequently changed his damages claim a second time and stated that his damages amount to $335,000, plus an additional amount for attorney's fees.

19.     Plaintiff's sworn damages estimate of $335,000 plus attorney's fees is sufficient evidence to demonstrate that the amount in controversy exceeds $75,000.  *See Graves v. Standard Ins. Co*., 66 F. Supp. 3d 920, 924 (W.D. Ky. 2014) (denying motion to remand and finding that plaintiff's interrogatory answer estimating her damages at $883,000 was sufficient proof that the case was worth at least $75,000).

20.     Accordingly, this Court has original jurisdiction over this case under 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties and the amount of controversy, and this action may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

21.     Pursuant to 28 U.S.C. §§ 1441 and 1446(b), this notice is filed within 30 days of service upon Defendant of Plaintiff's discovery responses, an "other paper" as defined by 28 U.S.C. 1446(b)(3) and 1446(c)(3)(A).  *See Graves*, 66 F. Supp. 3d at 922 ("Discovery responses are considered "other paper" under the relevant statute.").

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served upon opposing counsel and promptly will be filed with the Clerk of Jefferson Circuit Court.

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and process served upon Defendant to date are attached to this notice as Exhibit A, and a copy of Plaintiff's discovery responses is attached to this notice as Exhibit C.

WHEREFORE, Defendant respectfully notifies this Court, the Clerk of Jefferson Circuit Court, and the parties of the removal of this action to this Federal District Court.

Respectfully submitted,

/s/ Thomas M. Williams
Thomas M. Williams
Amy L. Miles
Stoll Keenon Ogden PLLC
500 West Jefferson Street. Suite 2000
Louisville, KY 40202
502.333.6000 (P)
tom.williams@skofirm.com
amy.miles@skofirm.com

*Attorneys for Defendant*
*Dawn Food Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kurt A. Scharfenberger
800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Kurt@scharfenberger-law.com

*Counsel for Plaintiff*

/s/ Thomas M. Williams
*Attorney for Defendant*

114840.163166/8029180.1